UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SEALED**

UNITED STATES OF AMERICA

v.

JUSTINA MARIA HOLLAND

CASE NO. 6:20-cr-86-Orl-37EJK
18 U.S.C. § 1341
18 U.S.C. § 1343
18 U.S.C. § 1029(a)(2)
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 1029(a)(5)
18 U.S.C. § 641
42 U.S.C. § 408(a)(7)(B)

**INDICTMENT**

The Grand Jury charges:

**COUNTS ONE THROUGH THREE**
(Mail Fraud)

A. **Introduction**

At times material to this Indictment:

1.  JUSTINA MARIA HOLLAND was employed as a bookkeeper of a business located in the Middle District of Florida (referred to herein as the "Employer"). In her capacity as the Employer's bookkeeper, JUSTINA MARIA HOLLAND had access to the financial accounts, including credit cards, checks, and bank accounts of the Employer and the Employer's owner.

### B. The Scheme

2. Beginning on or about a date unknown to the Grand Jury, but not later than in or about March 2015, and continuing through and including in or about July 2018, in the Middle District of Florida, and elsewhere, the defendant,

**JUSTINA MARIA HOLLAND,**

did knowingly and with intent to defraud, devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises.

### C. Manner and Means

3. The manner and means utilized to accomplish the scheme and artifice to defraud included, among others, the following:

   a. It was part of the scheme and artifice to defraud that JUSTINA MARIA HOLLAND would and did unlawfully devise and execute a scheme and artifice to defraud the Employer and the Employer's owner of money and property by means of materially false and fraudulent pretenses, representations and promises.

   b. It was a further part of the scheme and artifice to defraud that JUSTINA MARIA HOLLAND would and did use her access to the bank accounts and credit cards of the Employer and the Employer's owner to embezzle and divert over $1 million to herself.

  c. It was a further part of the scheme and artifice to defraud that JUSTINA MARIA HOLLAND would and did, without authorization, use the credit card accounts of the Employer and the Employer's owner to purchase items and services for the personal benefit of JUSTINA MARIA HOLLAND, including airfare, hotels, cruises, rental cars, jewelry, and various retail purchases.

  d. It was a further part of the scheme and artifice to defraud that JUSTINA MARIA HOLLAND would and did, without authorization, use the bank accounts of the Employer and the Employer's owner to pay the credit card charges that she had incurred when using the credit card accounts of the Employer and the Employer's owner for personal purchases.

  e. It was a further part of the scheme and artifice to defraud that JUSTINA MARIA HOLLAND would and did, without authorization, use the Employer's bank account to cause additional salary payments to be made to her.

  f. It was a further part of the scheme and artifice to defraud that JUSTINA MARIA HOLLAND would and did divert checks that were payable to the Employer or the Employer's owner and cause them to be deposited into one of her own bank accounts.

  g. It was a further part of the scheme and artifice to defraud that JUSTINA MARIA HOLLAND would and did cause checks to be issued to her from the IRA account of the Employer's owner to which she was not entitled.

  h. It was a further part of the scheme and artifice to defraud that JUSTINA MARIA HOLLAND would and did obtain those checks from the IRA account of the Employer's owner by using a credit card belonging to the Employer or the Employer's owner to pay expenses and then submitting invoices for those expenses to the IRA account to issue checks for those expenses that were made payable to her.

  i. It was a further part of the scheme and artifice to defraud that JUSTINA MARIA HOLLAND would and did reside in one of the properties owned by the Employer without paying the rent that she had agreed to pay.

  j. It was a further part of the scheme and artifice to defraud that JUSTINA MARIA HOLLAND would and did, without authorization, allow her parents to reside in another of the properties owned by the Employer.

  k. It was a further part of the scheme and artifice to defraud that JUSTINA MARIA HOLLAND would and did, without authorization,

use funds from the Employer's bank account to pay utility bills for her and her parents.

l.  It was a further part of the scheme and artifice to defraud that JUSTINA MARIA HOLLAND would and did, without authorization, use funds from the Employer's bank account to make payments for her personal vehicles and her personal credit card.

m.  It was a further part of the scheme and artifice to defraud that JUSTINA MARIA HOLLAND would and did, without authorization, use the name and Social Security Number of the Employer's owner to open a credit card account in his name that JUSTINA MARIA HOLLAND used to make personal purchases.

n.  It was a further part of the scheme and artifice to defraud that JUSTINA MARIA HOLLAND would and did, without authorization, use funds from bank accounts of the Employer and the Employer's owner to pay the bill for the credit card amount that she opened using the name and Social Security Number of the Employer's owner.

o.  It was a further part of the scheme and artifice to defraud that JUSTINA MARIA HOLLAND would and did conceal and cover up her thefts and embezzlements of the funds that she had obtained from the Employer and the Employer's owner through her scheme and artifice to defraud, by:

5

(1) Sending spreadsheets to the Employer's owner that falsely represented his assets and account balances;

(2) Providing copies of American Express statements that omitted purchases made by JUSTINA MARIA HOLLAND; and

(3) Erasing a hard drive and cellular telephone that belonged to the Employer.

p. It was a further part of the scheme and artifice to defraud that JUSTINA MARIA HOLLAND would and did use the United States Mail, a private and commercial interstate carrier, and interstate wires in furtherance of the scheme and artifice to defraud, including by: (a) using credit cards to make purchases by use of interstate wires, (b) making salary payments in addition to the salary that JUSTINA MARIA HOLLAND was owed by use of interstate wires, (c) using bank accounts to pay credit card bills and to make car payments by use of interstate wires, (d) submitting false requests for reimbursement from the IRA account by use of interstate wires, (e) causing checks made payable to the defendant from the IRA account to be delivered by United States Mail and a private and commercial interstate carrier, and (f) sending spreadsheets to the Employer's owner by use of interstate wires that falsely represented his assets and account balances.

q. It was a further part of the scheme and artifice to defraud that JUSTINA MARIA HOLLAND would and did perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purpose of the scheme and the acts committed in furtherance thereof.

### D. Mailings

4. On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

**JUSTINA MARIA HOLLAND,**

for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, did knowingly, and with intent to defraud, place in any post office and authorized depository for mail matter to be sent and delivered by the United States Postal Service, did knowingly deposit and cause to be deposited to be sent and delivered by a private and commercial interstate carrier, did knowingly take and receive from the United States Postal Service and a private and commercial interstate carrier, and did knowingly cause to be delivered by mail and private and commercial interstate carrier, according to the direction thereon, and at the place at which it was directed to be delivered by the person to whom it was addressed, any matter and thing, as follows:

| Count | Date | Item |
|---|---|---|
| ONE | 2/17/2016 | Check from the IRA account made payable to the defendant in the amount of $675.85 sent by United States Mail to the defendant's residence |
| TWO | 7/5/2017 | Check from the IRA account made payable to the defendant in the amount of $840.93 sent by United States Mail to the defendant's residence |
| THREE | 6/5/2018 | Check from the IRA account made payable to the defendant in the amount of $1,857.26 sent by Federal Express, a private and commercial interstate carrier to the defendant's residence |

All in violation of 18 U.S.C. § 1341.

## COUNTS FOUR THROUGH FIFTEEN
### (Wire Fraud)

### A. Introduction

1.  The allegations contained in paragraph one of Counts One through Three of this Indictment are hereby realleged and incorporated herein by reference.

### B. The Scheme

2.  Beginning on or about a date unknown to the Grand Jury, but not later than in or about March 2015, and continuing through and including in or about July 2018, in the Middle District of Florida, and elsewhere, the defendant,

**JUSTINA MARIA HOLLAND,**

did knowingly and with intent to defraud, devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises.

8

## C. Manner and Means

3. The substance of the scheme and artifice and its manner and means are described in paragraph three of Counts One through Three of this Indictment, the allegations of which are repeated and realleged as if fully set forth herein.

## D. Interstate Wire Transmissions

4. On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

**JUSTINA MARIA HOLLAND,**

for the purpose of executing the aforesaid scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, did knowingly, and with intent to defraud, transmit and cause to be transmitted by means of wire communication in interstate commerce, the following writings, signs, signals, pictures, and sounds:

| Count | Date | Interstate Wire | To/From |
|---|---|---|---|
| FOUR | 1/12/2016 | $1,500 credit card charge | Chase credit card charge originating in the Middle District of Florida and processed by servers located outside of Florida for charges at Ideal Image |

| <u>Count</u> | <u>Date</u> | <u>Interstate Wire</u> | <u>To/From</u> |
|---|---|---|---|
| **FIVE** | 11/29/2016 | $2,387.36 credit card charge | American Express credit card charge originating in the Middle District of Florida and processed by servers located outside of Florida for American Airlines ticket to Hawaii |
| **SIX** | 4/25/2017 | $2,300 bank account transaction | Payment from a BB&T bank account of the Employer's owner originating in the Middle District of Florida and processed by servers located outside of Florida to pay the defendant's Capital One credit card bill |
| **SEVEN** | 4/27/2017 | $2,000.00 credit card charge | Chase credit card charge originating in the Middle District of Florida and processed by servers located outside of Florida for partial payment for stay at Disney Vacation Club in Hawaii |
| **EIGHT** | 5/31/2017 | $1,412.40 credit card charge | American Express credit card charge originating in the Middle District of Florida and processed by servers located outside of Florida for purchase from Neiman Marcus |
| **NINE** | 7/21/2017 | $2,095.25 bank account transaction | Payment from a BB&T bank account of the Employer originating in the Middle District of Florida and processed by servers located outside of Florida to pay JP Morgan Chase credit card bill |

| Count | Date | Interstate Wire | To/From |
|---|---|---|---|
| TEN | 1/8/2018 | Email | Email from the defendant entitled, "Spreadsheet" originating in the Middle District of Florida and processed by a server located outside of Florida and received by the Employer's owner in the Middle District of Florida |
| ELEVEN | 1/30/2018 | Email | Email from the defendant entitled, "Expense Sheet" originating in the Middle District of Florida and processed by a server located outside of Florida and received by the Employer's owner in the Middle District of Florida |
| TWELVE | 2/13/2018 | $568.03 | Payment from a BB&T bank account of the Employer's owner originating in the Middle District of Florida and processed by servers located outside of Florida to make payment for the defendant's Porsche |
| THIRTEEN | 2/21/2018 | $1,916.38 | Payroll payment from BB&T bank account of the Employer originating in the Middle District of Florida and processed by servers located outside of Florida |
| FOURTEEN | 4/20/2018 | $2,980.50 | Payroll payment from BB&T bank account of the Employer originating in the Middle District of Florida and processed by servers located outside of Florida |

| **Count** | **Date** | **Interstate Wire** | **To/From** |
|---|---|---|---|
| **FIFTEEN** | 6/25/2018 | $3,417.50 | American Express credit card charge originating in the Middle District of Florida and processed by servers located outside of Florida for American Airlines ticket to Hawaii |

All in violation of 18 U.S.C. § 1343.

## COUNT SIXTEEN
### (Access Device Fraud)

### A. Introduction

1. The allegations contained in paragraph one of Counts One through Three of this Indictment are hereby realleged and incorporated herein by reference.

2. The term "access device" means any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access that can be used alone or in conjunction with another access device to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument).

12

### B.  Offense

3.  Between on or about June 9, 2015, and June 8, 2016, in the Middle District of Florida, and elsewhere, the defendant,

**JUSTINA MARIA HOLLAND,**

did knowingly and with intent to defraud traffic in and use one or more unauthorized access devices during any one-year period, and by such conduct obtained anything of value aggregating $1,000 or more during that period, said conduct affecting interstate commerce.

In violation of 18 U.S.C. §§ 1029(a)(2), (b), (c)(1)(A)(ii) and 2.

### COUNT SEVENTEEN
### (Aggravated Identity Theft)

1.  The allegations contained in paragraph one of Counts One through Three of this Indictment are hereby realleged and incorporated herein by reference.

2.  On or about June 9, 2015, in the Middle District of Florida, and elsewhere, the defendant,

**JUSTINA MARIA HOLLAND,**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, specifically, the name and social security number of M.J., during and in relation to a felony violation of access device fraud, in violation of 18 U.S.C. § 1029(a)(2) as charged in Count Sixteen of this

Indictment, knowing that such means of identification belonged to an actual person.

In violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

## COUNT EIGHTEEN
### (Access Device Fraud)

### A. Introduction

1. The allegations contained in paragraph one of Counts One through Three of this Indictment and paragraph ten of Count Sixteen of this Indictment are hereby realleged and incorporated herein by reference.

2. The term "access device" means any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access that can be used alone or in conjunction with another access device to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument).

### B. Offense

3. Between on or about June 1, 2017, and May 30, 2018, in the Middle District of Florida, and elsewhere, the defendant,

**JUSTINA MARIA HOLLAND,**

did knowingly and with intent to defraud effect transactions, and attempt to effect transactions, with one or more access devices issued to another person, to receive payment and any other thing of value during any one-year period the aggregate value of which is equal to or greater than $1,000, said conduct affecting interstate commerce.

In violation of 18 U.S.C. §§ 1029(a)(5), (b), (c)(1)(A)(ii) and 2.

## COUNT NINETEEN
### (Theft of Government Property)

Beginning in or about May 2012, and continuing through in or about August 2016, in the Middle District of Florida, and elsewhere, the defendant,

**JUSTINA MARIA HOLLAND,**

did knowingly and willfully embezzle, steal, purloin, and convert to the defendant's use and the use of another, more than $1,000 of money and a thing of value of the United States and the United States Department of Agriculture, a department and agency of the United States, that is, Supplemental Nutrition Assistance Program benefits, with intent to deprive the United States and the United States Department of Agriculture of the use and benefit of the money and thing of value.

In violation of 18 U.S.C. §§ 641 and 2.

## COUNTS TWENTY AND TWENTY-ONE
### (False Use of a Social Security Number)

1. The allegations contained in paragraph one of Counts One through Three of this Indictment are hereby realleged and incorporated herein by reference.

2. On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

**JUSTINA MARIA HOLLAND,**

for the purpose of obtaining financing for the purchase of a vehicle and for the purpose of submitting a credit application, did knowingly and with intent to deceive, falsely represents a number to be the social security account number assigned by the Commissioner of Social Security to her, when in fact such number was not the social security account number assigned by the Commissioner of Social Security to her, as follows:

| Count | Date | Vehicle |
| --- | --- | --- |
| TWENTY | 11/25/2015 | 2011 BMW 535 |
| TWENTY-ONE | 5/22/2017 | 2010 Porsche Cayenne |

In violation of 42 U.S.C. §§ 408(a)(7)(B) and 2.

## COUNT TWENTY-TWO
## (Aggravated Identity Theft)

1.  The allegations contained in paragraph one of Counts One through Three of this Indictment are hereby realleged and incorporated herein by reference.

2.  On or about May 22, 2017, in the Middle District of Florida, and elsewhere, the defendant,

**JUSTINA MARIA HOLLAND,**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, specifically, the social security number of T.H., during and in relation to a felony violation of false use of a social security number, in violation of 42 U.S.C. § 408(a)(7)(B) as charged in Count Twenty-One of this Indictment, knowing that such means of identification belonged to an actual person.

In violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

## FORFEITURES

1.  The allegations contained in Counts One through Twenty-Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), 1029(c)(1)(C), and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 1343, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. Upon conviction of a violation of 18 U.S.C. § 1029, the defendant shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of such violation, and pursuant to 18 U.S.C. § 1029(c)(1)(C), any personal property used or intended to be used to commit the offense.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 982(b)(1), 1029(c)(2), and 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Terry Livanos
Assistant United States Attorney

By: _____
Roger B. Handberg
Assistant United States Attorney
Chief, Orlando Division

By: _____
Amanda L. Riedel
Assistant United States Attorney
Deputy Chief, Criminal Division

19

FORM OBD-34
APR 1991

No. _____

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

JUSTINA MARIA HOLLAND

## INDICTMENT

Violations:

18 U.S.C. § 1341
18 U.S.C. § 1343
18 U.S.C. § 1029(a)(2)
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 1029(a)(5)
18 U.S.C. § 641
42 U.S.C. § 408(a)(7)(B)

A true bill,

_____
Foreperson

Filed in open court this 3rd day of June, 2020.

_____
Clerk

Bail  $ _____

GPO 863 525