IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Vs | ) CASE No.: 6:20-cr-86-RBD-EJK |
| | ) |
| JUSTINA MARIA HOLLAND | ) |

**EMERGENCY MOTION FOR IMMEDIATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i), COMPASSIONATE RELEASE**

COMES NOW, the defendant, JUSTINA MARIA HOLLAND (hereinafter "Holland" or "Defendant"), pro se' and in absentia, with this EMERGENCY MOTION FOR IMMEDIATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i), COMPASSIONATE RELEASE (hereinafter "Compassionate Release").

Complaints by pro se' litigants are "read more liberally than those drafted by attorneys" (Osahar v. United States Postal Service 297, Fed. Appx 863, 864 11th Cir 2008). In addition, "Pro se' pleadings are held to a less stringent standard than pleadings prepared by attorneys and will therefore be more liberally construed" (Tannenbaum v. United States F. 3d 1262, 1263 11th Cir 1998).

In this motion we will demonstrate three important facts.

I. That Ms. Holland has med the burden of administrative remedies and/or the 30 day wait period as prescribed by the First Step Act of 2019 and is free to proceed on the merits (United States v. Sandler, U.S. Dist Lexis 11467; 3:18-CR-342-WKW md Alabama July 2020)

II. Ms. Holland will establish that even with the prevailing ruling in the United States v. Bryant, she has met the burden of extraordinary and compelling reasons warranting

1

       release consistent with the guidance in the United States Sentencing Guidelines (hereinafter "USSG"), §1B1.13 and as such the district court is free to modify her sentence post sentencing within the context, statute and framework of Compassionate Release, specifically as held by the 11th circuit.

III.    Ms. Holland will demonstrate that she is extremely ill and that she is unable to adquately provide self care in the prison environment, furthermore, that even FMC Carswell is unable to offer the care that she needs at this time and for her to live out her life.

**Background**

On October 28, 2021, Ms. Holland was convicted of a total of 22 counts (3 counts of mail fraud, 12 counts of wire fraud, 2 counts of access device fraud, 2 counts of aggravated identity theft, 1 count of theft of government property and 2 counts of false use of a social security number) and the District Court-imposed a sentence of imprisonment for a total of 96 months. This term consists of a 72-month term as to Counts 1-16, and 18-21, to be served concurrently and a 24-month term as to Counts 17 and 22. Counts 17 and 22 are to be served concurrently with each other, however Counts 17 and 22 must be served consecutively to all the other Counts, 3 years supervised release, a $2200.00 assessment fee and restitution in the amount of $1,161,185.64. (Exhibit A). Holland is currently serving that sentence at FMC Carswell.

## Holland Is Free To Proceed On The Merits

The First Step Act of 2018 modified the compassionate release statute by allowing defendants to bring their own motion for compassionate release after they have exhausted their administrative remedies or after they have exhausted a 30 day waiting period after notifying the warden of his/her institution of their intent to seek compassionate release, or bring a compassionate release motion on their behalf, whichever is earlier (emphasis added) (United States v. Sandler, U.S. Dist Lexis 11467; 3:18-CR-342-WKW md Alabama July 2020). Holland met this burden by submitting a release request under Compassionate Release, to the Warden of FMC Carswell in January 2022, and as such, is free to proceed on the merits. Additionally, the urgency and exigency of the serious risk the COVID-9 pandemic poses, causes Holland to seek immediate relief through the judicial system to avoid further delay and irreparable injury to herself.

## Framework

The Compassionate Release statute at 18 U.S.C.§ 3582(c)(1)(A)(i) grants sentencing courts the authority to reduce an otherwise final term of imprisonment for "extraordinary and compelling reasons". The statute provides:

> In any case:
>
> (A court, upon motion of the Director of the Bureau of Prisons, or upon the motion of the defendant after the defendant has fully exhausted all administrative remedies to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from receipt of such a request by the Warden of the defendant's facility, whichever is earlier, may reduce a term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term

3

of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable if the court finds that:

(i) extraordinary and compelling reasons warrant such a reduction and that such a reduction is consistent with applicable policy statement issued by the sentencing commission. "The Sentencing Commission has promulgated a policy statement regarding Compassionate Release under §3582, which is contained in USSG §1B1.13 and the accompanying application notes. (United States v. McGraw, 2:02-cr-18, 2019 US Dist Lexis 78378, 2019 WL 2059488 at *3 SD Ind May 2019). While that particular policy statement has not been updated to reflect the defendants (and not just the BOP) may move for Compassionate Release, courts have universally turned to USSG § 1B1.13 to provide guidance on the "extraordinary and compelling" circumstances that may warrant a sentence reduction Id (Citing United States v. Causey Dist Lexis 78041, 2019 WL 1987311 ND Va 2019) Moreover, the court has no reason to believe that the identity of the movant (either defendant or BOP) should have any impact on the factors that the court should consider (concluding likewise) (United States v. York 3:11-cr-76, ED Tennessee) whereas Compassionate Release was granted for a multiple time offender serving 106 month sentence with acute kidney failure, Type II diabetes, chronic airway obstruction and a seizure disorder.

**Holland's Extraordinary and Compelling Circumstances**

For lack of a better word, Ms. Holland is not well. Despite the fact that the BOP has designated her to Federal Medical Center Carswell, her unique injuries and medical conditions warrant treatment not available to her in the custody of the Bureau of Prisons, these conditions make it impossible for her to provide self care in the prison environment.

Ms. Holland's medical conditions are available in the attached exhibit, however in brief Holland has suffered a traumatic brain injury and was diagnosed with Functional Neurological Disorder (a rare disease affecting her brain and motor function). Holland was told by a neurologist on April 20, 2022 that the best place for her would be the Mayo Clinic since they were the ones

4

who specialize specifically in this condition. No programs at Carswell or Butner are offered to help her with treatment. She was supposed to receive occupational and physical therapy in BOP custody and has received neither. Ms. Holland currently walks with a walker an dis partially paralyzed from her waist down on her right side and drags her left everywhere she goes. This disease is taking over her lower extremities which is being exacerbated by the fact she is not receiving any care or treatment for these conditions in the custody of the BOP.

"Typically, this disorder affects your movement or your senses, such as the ability to walk, swallow, see or hear." (see Mayo Clinic https://www.mayoclinic.org/diseases-conditions/conversion-disorder/symptoms-causes/syc-20355197) the condition worsens exponentially while not treated. In the BOP it is going untreated.

In addition to the neurological disorder Holland had a tumor removed from her breast prior to self surrender and is now having bloody discharge from that breasts. In addition several spots of concern were found in a recent PET scan (possibly cancer) in her neck, armpit, abdomen and her breast.

Holland also has multiple seizures due to the fact that they will not give her the anti-seizure medication she has been prescribed due to non-formulary. Holland's seizure order is so bad that she sought and was given relief by this court for special breaks during her hearings before the court (doc #77).

To this end the USSG policy statement at §!B1.13 states:

The Sentencing Commission defines "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A) in Application Note 1 to U.S.S.G. § **1B1.13**, and we have held that "district courts are bound by" this definition. See U.S.S.G. § **1B1.13** cmt. (n.1); *see also Bryant*, 996 F.3d at

5

1247, 1262-63. Pursuant to this definition, there are four circumstances under which "extraordinary and compelling reasons exist": **(A) the defendant suffers from (i) "a terminal illness," or (ii) a permanent health condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility from which he or she is not expected to recover";** (B) the defendant is "at least 65 years old," "is experiencing a serious [age-related] deterioration in physical or mental health," and "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less"; (C) the defendant's assistance [*4] is needed in caring for the defendant's minor child, spouse, or registered partner due to (i) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or (ii) "[t]he incapacitation of the defendant's spouse or registered partner"; and (D) there exist "other" extraordinary and compelling reasons "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § **1B1.13** cmt. (n.1 (A)-(D)).

While the court was aware of Holland's conditions at sentencing, her time in prison thus far has shown that her conditions have substantially deteriorated since she has been at FMC Carswell.

### United States v. Bryant

While 10 of the 11 circuits in the United States Federal Court system have held that in "defendant brought motions" for compassionate release, the language in USSG § 1B1.13 pertaining to the "catch all" for extraordinary and compelling circumstances, is not dictated by the BOP, the 11th Circuit is holding to the United States v. Bryant, which holds that the "catch all" for extraordinary and compelling circumstances is still at the discretion of the BOP despite the fact that the language is clear and that the USSG § 1B1.13 was written prior to the passage of the First Step Act of 2018 which, as previously discussed, allows inmates to bring their own compassionate release motions. Prior to the decision in the United States v. Bryant even district courts in the 11th circuit were at odds:

6

"Considering the lack of binding precedent or clear direction from the 11th circuit, this court turns to the developing jurisprudence in other circuits. In September 2020 the 2nd circuit held that the policy statement in USSG § 1B1.13 does not apply to 3582 motions filed by prisoners rather than the Bureau of Prisons because the language in the policy statement is clearly outdated" (United States v. Norman J Moore 5:93-cr-0013-SLB-SGC-1, ND Alabama March 5, 2021, this circuit). Continuing... "In other words if a compassionate release motion is not brought by the director of the BOP section 1B1.13 does not apply (same citation as previous). This clears the way for this court to consider what are "extraordinary and compelling circumstances warranting release under the statute.

However, in the 11th Circuit with Bryant still prevailing we must consider that "some courts have granted the motion for compassionate release due to COVID-19 have reasoned that defendants with serious underlying health issues (Like Ms. Holland) have significant risk of contracting COVID-19 satisfy the policy statements at section 1B1.13 "medical conditions of the defendant" category for compassionate release because those defendants are unable to provide self care. Furthermore, whether or not COVID-19 is prevalent at Holland's institution, as stated above, her ability for self care has continued to deteriorate in BOP custody. While Holland does not trivilaize the seriousness of her crime, this court was not able to nor did it elect to give her a life sentence.

In the case of COVID-19, conditions further inhibit inmates to provide self care.

Additionally, "in regards to 1B1.13 and the United States v. Bryant the Middle District of Alabama found that "Although the catchall provision (D) of the Sentencing Commssion's policy statement, USSG §1B1.13 cmt n.1 gives authority to the BOP, not to the court, to determine whether reasons other than those enumerated warrant release, this policy guidance has not been updated since the passage of the First Step Act in 201, Pub L No 115-391. This court joins others around the country in finding that, with regard to inconsistency between the statute and the policy statement, the policy statement, serves as guidance but does not limit the court's

7

authority. In light of it's aim to increase the number of motions heard by the court by removing the BOP as the sole gatekeeper to compassionate release, it would be contrary to Congress's intent to find the court constrained in it's ability to evaluate a motion under the full range of possible "extraordinary and compelling" circumstances. As the sentencing commission itself states "the court is in a unique position to determine whether the circumstances warrant a reduction (and if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement" (United States v. Matrineza Dewan McCall 465 F. Supp 3d, 1201: 2020 US Dist Lexis 102095; 2:18-cr-95-MHT June 4, 2020 md Alabama).

In the previous section Ms. Holland clearly showed that her medical conditions and injuries surpass the threshold for extraordinary and compelling circumstances.

### Holland Has Tipped The §3553(a) Scales In Her Favor

Holland has been designated a "minimum" custody score by the Bureau of Prisons. As such the BOP has declared her "not a public safety risk factor" on her female custody classification sheet. In addition, since her self surrender to FMC Carswell on November 30, 2021, Holland has immediately began taking programs including the Blackstone Paralegal Certification a self paid correspondence course that allows her to earn her paralegal certification. In addition, Holland has begun taking Evidenced Based Recidivism Reducing Programs and other productive activities.

8

## Conclusion

Today Ms. Holland comes before the court asking for relief in the form of compassionate release. Holland clearly exceeds the threshold for compassionate release in the 11th Circuit. In addition her medical conditions continue to deteriorate every day that she is in BOP custody. Holland asks that this honorable court rule swiftly.

In addition we ask that you consider all of the attached exhibits.

Respectfully submitted this __25__ day of April 2022

_____
Justina M Holland

FMC CARSWELL
FEDERAL MEDICAL CENTER
P.O. Box 27137
Fort Worth, TX 76127