IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA    )
                            )
         Vs                 ) CASE No.: 6:20-cr-86-RBD-EJK
                            )
                            )
JUSTINA MARIA HOLLAND       )

**DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO HER EMERGENCY MOTION FOR IMMEDIATE RELEASE PURSUANT TO 18 U.S.C.§ 3582 (c)1(A)i**

COMES NOW, the defendant, JUSTINA MARIA HOLLAND (hereinafter "Holland" or "Defendant"), pro se' and in absentia, with this REPLY TO THE GOVERNMENT'S RESPONSE TO HER EMERGENCY MOTION FOR IMMEDIATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i), COMPASSIONATE RELEASE (hereinafter "Compassionate Release").

Complaints by pro se' litigants are "read more liberally than those drafted by attorneys" (Osahar v. United States Postal Service 297, Fed. Appx 863, 864 11th Cir 2008). In addition, "Pro se' pleadings are held to a less stringent standard than pleadings prepared by attorneys and will therefore be more liberally construed" (Tannenbaum v. United States F. 3d 1262, 1263 11th Cir 1998).

**BACKGROUND**

On October 28, 2021, Ms. Holland was convicted of a total of 22 counts (3 counts of mail fraud, 12 counts of wire fraud, 2 counts of access device fraud, 2 counts of aggravated identity theft, 1 count of theft of government property and 2 counts of

false use of a social security number) and the District Court-imposed a sentence of imprisonment for a total of 96 months. This term consists of a 72-month term as to Counts 1-16, and 18-21, to be served concurrently and a 24-month term as to Counts 17 and 22. Counts 17 and 22 are to be served concurrently with each other, however Counts 17 and 22 must be served consecutively to all the other Counts, 3 years supervised release, a $2200.00 assessment fee and restitution in the amount of $1,161,185.64. (Exhibit A). Holland is currently serving that sentence at FMC Carswell.

On April 25, 2022 Holland filed the original Emergency Motion for Immediate Release pursuant to 18 U.S.C. § 3582 (c)1(A)(i), Compassionate Release (Doc #117). The Government filed their response on May 6, 2022 and Holland comes now with this reply.

## **THE GOVERNMENT IS CONFUSED AS TO THE DEFENDANT'S EXTRAORDINARY AND COMPELLING CIRCUMSTANCES**

The Compassionate Release statute at 18 U.S.C.§ 3582(c)(1)(A)(i) grants sentencing courts the authority to reduce an otherwise final term of imprisonment for "extraordinary and compelling reasons". The statute provides:

 In any case:

  (A court, upon motion of the Director of the Bureau of Prisons, or upon the motion
of the defendant after the defendant has fully exhausted all administrative remedies to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from receipt of such a request by the Warden of the defendant's facility, whichever is earlier, may reduce a term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable if the court finds that:

  (i) extraordinary and compelling reasons warrant such a reduction and that such a reduction is consistent with applicable policy statement issued by the sentencing commission.
"The Sentencing Commission has promulgated a policy

statement regarding Compassionate Release under §3582, which is contained in USSG §1B1.13 and the accompanying application notes. (United States v. McGraw, 2:02-cr-18, 2019 US Dist Lexis 78378, 2019 WL 2059488 at *3 SD Ind May 2019). While that particular policy statement has not been updated to reflect    the defendants (and not just the BOP) may move for Compassionate Release, courts have universally turned to USSG § 1B1.13 to provide guidance on the "extraordinary and compelling" circumstances that may warrant a sentence reduction Id (Citing United States v. Causey Dist Lexis 78041, 2019 WL 1987311 ND Va 2019) Moreover, the court has no reason to believe that the identity of the movant (either defendant or BOP) should have any impact on the factors that the court should consider (concluding likewise) (United States v. York 3:11-cr-76, ED Tennessee) whereas Compassionate Release was granted for a multiple time offender serving 106 month sentence with acute kidney faiure, Type II diabetes, chronic airway obstruction and a seizure disorder.

It seems to be clear that the government has copied and pasted their response from another defendant's motion. The defendant in this case, Holland, asserts that her motion made little to no mention of "Covid 19" and it's risks and her health problems.

The framework provided at 18 U.S.C. § 3582 (c)1(A)(i) is clear in that it provides for a district court to resentence a defendant in an already finalized sentence if that defendant meets the burden of "extraordinary and compelling circumstances" In the U.S.S.G. policy statement in section 1B clearly states:

> "1. <u>Extraordinary and Compelling Reasons</u>.—
> Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) <u>Medical Condition of the Defendant</u>.—
>
> (i) The defendant is suffering from a terminal illness (<u>i.e.</u>, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (<u>i.e.</u>, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ

>>disease, and advanced dementia.
>
>>(ii) The defendant is—
>
>>>(I) suffering from a serious physical or medical condition,
>>>
>>>(II) suffering from a serious functional or cognitive impairment, or
>>>
>>>(III) experiencing deteriorating physical or mental health because of the aging process,
>>
>>that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

In Holland's case not only does she suffer from extensive health problems that "substantially diminish the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover", as evidenced in the exhibits within the first motion, not only is Ms. Holland not expected to recover, she is actually getting progressively worse in the prison setting and as the record shows, the BOP basically refuses to do anything to help her.  In laymen's terms and backed by the exhibits in Holland's original motion and her Bureau Electronic Medical Record, she suffers from a Traumatic Brain Injury (TBI), seizures and breast cancer all of which are worsening in the prison setting and diminishing her ability for self care.
To add to this, nowhere in the statement regarding Ms. Holland's extraordinary and compelling circumstances does it mention Covid-19 or that Ms. Holland is asking for compassionate release because of Covid-19.
From the original motion:
### Holland's Extraordinary and Compelling Circumstances
*For lack of a better word, Ms. Holland is not well. Despite the fact that the BOP has designated her to Federal Medical*

*Center Carswell, her unique injuries and medical conditions warrant treatment not available to her in the custody of the Bureau of Prisons, these conditions make it impossible for her to provide self care in the prison environment.*

*Ms. Holland's medical conditions are available in the attached exhibit, however in brief Holland has suffered a traumatic brain injury and was diagnosed with Functional Neurological Disorder (a rare disease affecting her brain and motor function). Holland was told by a neurologist on April 20, 2022 that the best place for her would be the Mayo Clinic since they were the ones who specialize specifically in this condition. No programs at Carswell or Butner are offered to help her with treatment. She was supposed to receive occupational and physical therapy in BOP custody and has received neither. Ms. Holland currently walks with a walker an dis partially paralyzed from her waist down on her right side and drags her left everywhere she goes. This disease is taking over her lower extremities which is being exacerbated by the fact she is not receiving any care or treatment for these conditions in the custody of the BOP.*

"Typically, this disorder affects your movement or your senses, such as the ability to walk, swallow, see or hear." (see Mayo Clinic https://www.mayoclinic.org/diseases-conditions/conversion-disorder/symptoms-causes/syc-20355197) the condition worsens exponentially while not treated. In the BOP it is going untreated.

In addition to the neurological disorder Holland had a tumor removed from her bread prior to self surrender and is now having bloody discharge from that breasts. In addition several spots of concern were found in a recent PET scan (possibly cancer) in her neck, armpit, abdomen and her breast.

Holland also has multiple seizures due to the fact that they will not give her the anti-seizure medication she has been prescribed due to non-formulary. Holland's seizure order is so bad that she sought and was given relief by this court for special breaks during her hearings before the court (doc #77).

To this end the USSG policy statement at §!B1.13 states:

*The Sentencing Commission defines "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A) in Application Note 1 to U.S.S.G. § 1B1.13, and we have held that "district courts are bound by" this definition. See U.S.S.G. § 1B1.13 cmt. (n.1); see also Bryant, 996 F.3d at 1247, 1262-63. Pursuant to this definition, there are four circumstances under which "extraordinary and compelling reasons exist": (A) the defendant suffers from (i) "a terminal illness," or (ii) a permanent health condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility from which he or she is not expected to recover"; (B) the defendant is "at least 65 years old," "is experiencing a serious [age-related]*

*deterioration in physical or mental health," and "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less"; (C) the defendant's assistance [*4] is needed in caring for the defendant's minor child, spouse, or registered partner due to (i) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or (ii) "[t]he incapacitation of the defendant's spouse or registered partner"; and (D) there exist "other" extraordinary and compelling reasons "[a]s determined by the Director of the Bureau of Prisons." <u>U.S.S.G. § 1B1.13 cmt. (n.1 (A)-(D))</u>.*

*While the court was aware of Holland's conditions at sentencing, her time in prison thus far has shown that her conditions have substantially deteriorated since she has been at FMC Carswell.*

The government rambles for nine pages of their reply citing COVID-19 as the reason Holand has applied, that as manifest here is false. Holland is asking for compassionate release because of her multiple comorbidities for which she is not expected to recover from and her lack of ability to provide self care in the prison environment. Not only is she limited in her ability to provide self care, the ability diminishes with each day as FMC Carswell refuses to actually provide a treatment regimen that is conducive to those conditions.

### <u>BUREAU OF PRISONS MEDICAL STAFF SUPPORTS THIS COMPASSIONATE RELEASE</u>

The defendant has seen a neurologist while at FMC Carswell, Dr. Orr. In violation of Holland's civil rights, and again showing a pattern of deliberate indifference, FMC Carswell refuses to give her the medical records to back this claim, however Dr. Orr said (quoting) and this honorable court can verify by directing the US Attorney to submit Holland's complete medical record. On April 20, 2022 Dr. Orr said:

"... this patient needs       to be followed by the Mayo Clinic or persons willing to arise to that level of care for the comorbid conditions" Dr. Orr continues "This is a 37 year old caucasian woman who is from Florida, who ended up going to the Mayo clinic **because her presentation was so complicated** [emphasis added] even amongst multiple specialists she could not arrive at

a diagnosis." In regards to the Mayo clinic, Dr. Orr, a specialist contracted by the Bureau says "I assume and accept the diagnosis by the Mayo Clinic and feel this is totally appropriate because their level of expertise exceeds my own". Dr. Orr is one of the top neurologists contracted with the Bureau of prisons clearly asserting that Ms. Holland needs medical care that simply cannot be provided by the BOP.
To her release Orr says "This patient is telling me she is ready to be discharged home for follow up with the Mayo Clinic and her family has her appointments arranged at the Mayo Clinic. This would be ideal!"

## HER CONDITIONS CONTINUE TO WORSEN

Dr. Orr adds in regards to the comorbidities, "This is now complicating her presentation. One cannot assume any NEW neurologic symptoms are from the prior diagnosis of Functional Neurological Disorder in a patient with metastatic breast cancer. Because of this, I reccommend this patient follow up closely with doctors at Mayo Clinic as currently planned. I also recommend that the patient follow up with the doctors at the mayo clinic and/or her specialists indicated for breast cancer oncology, OB/GYN as indicated".

## DELIBERATE INDIFFERENCE

While Ms. Holland has only served about 5% of her sentence, she was designated to FMC Carswell because of her ill health. Even while at a medical center Holland has had to utilize the administrative remedy process to simply get medical care. Her administrative remedy log, which the Government has submitted that they have, that Holland has had to take claims all the way to the South Central Regional Office to appeal to them to receive the medical care that she should have received from the beginning of her incarceration. In some cases the medical care she has sought should have been prescribed at the onset of her sentence and still six months later she is fighting for her life through the remedy process and has still not received even a limited amount of care for her conditions.

## HOLLAND CAN NOT PROVIDE SELF CARE

FMC Carswell has made a shower chair available to Ms. Holland however because of her medical conditions she can not safely move from her walker to the shower, and bear in mind

that Ms. Holland is still under 40 years old. The showers, even the ones designated as handicapped, are not conducive to the safe movement into the shower for persons with mobility issues, for which Ms. Holland suffers. In addition, FMC Carswell has provided her with a long brush for washing in the shower however the limited mobility in her arms prohibits her from using this effectively. It's clear that Carswell is doing these things not out of accommodating a disabled inmate but rather to spite her.

## THE GOVERNMENT CONTENDS THAT HOLLAND HAS NOT IDENTIFIED EXTRAORDINARY AND COMPELLING REASONS FOR COMPASSIONATE RELEASE UNDER THE STATUTE.

This claim is clearly false as evidenced in both the original motion and this rebuttal. Not only does Ms. Holland satisfy the litmus test for extraordinary and compelling circumstances, but by removing just one of her comorbidities or even two, Holland still has more than extraordinary and compelling reasons warranting release.

## THE GOVERNMENT CLAIMS THAT THE 3553(a) FACTORS DON'T SUPPORT HOLLAND'S RELEASE.

As always, and expected, the government opines that Ms. Holland has not tipped the 3553(a) factors in her favor and that she is still a threat to the public. This is false. Ms. Holland's custody score is minimum. She is only at Carswell for the medical problems which are not treated effectively as reported by the neurologist contracted by the BOP. Further, while on pretrial Ms. Holland maintained a job as a property manager and had significant, unmonitored time in the community. Ruling in her favor this honorable court has the latitude to require that Ms. Holland be placed on supervised release not to exceed the balance of her sentence. Within that supervised release the court has the freedom to require that her supervised release be monitored. Further, the court can impose a provision that she seek this treatment at Mayo Clinic (at her expense) in that, she doesn't get granted compassionate release based on the claims herein and then not follow through.

  Ms. Holland does not dispute that she has had significant problems with the law however as the court well knows this entire experience is life changing. In addition, Ms. Holland was

not given a life sentence, nor was she eligible for one, and not because of COVID but rather because of her diminishing health and significant issues serving the balance of this sentence in prison could very well prove to be a life sentence, and again Ms. Holland is NOT of significant age.

CONCLUSION

For the reasons asserted in the original motion, and blatantly ignored by the government, and for the reasons herein Ms. Holland respectfully asks that this court, with compassion and empathy, grant her motion for compassionate release so that she can seek the medical treatment for which is outlined herein.

Respectfully submitted this __8TH__ day of May 2022.

_____
Justina Maria Holland

FMC Carswell
Federal Medical Center
P.O. Box 27137
Fort Worth, TX 76127