# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                                  Case No. 6:20-cr-86-RBD-EJK

JUSTINA MARIA HOLLAND
_____

## ORDER

Before the Court are:

1. Defendant's *pro se* Motion for Compassionate Release and Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 117 ("Motion"));

2. United States' Response in Opposition to Defendant Motion for Early Release (Doc. 119); and

3. Defendant's Replies (Docs. 120, 121).

Defendant's Motion is due to be denied.

## BACKGROUND

Defendant, who is thirty-seven years old, asserts that she suffers from a traumatic brain injury, seizures, and collateral matters stemming from a prior bout with breast cancer and that she requires a wheelchair. (Doc. 117, Exs. 1–15, pp. 25–155.) In October 2021, this Court sentenced her to ninety-six months' imprisonment followed by a term of three years supervised release, after she pled guilty to all twenty-two counts of an Indictment (three counts of mail fraud, twelve

counts of wire fraud, two counts of access device fraud, two counts of aggravated identity theft, one count of theft of government property and two counts of false use of a Social Security Number). (Docs. 1, 85.) Defendant is projected to be released in September 2028. *See* BOP Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed on May 5, 2022). Defendant now moves for compassionate release due to her medical issues. (Doc. 117.) The Government opposes. (Doc. 119.) The matter is ripe.

## STANDARDS

The statute governing compassionate release, as amended by the First Step Act, sets forth the limited circumstances in which a court may modify a sentence. 18 U.S.C. § 3582(c)(1)(A). A court may grant release when: (1) the defendant exhausted her administrative remedies with the BOP;[1] (2) the 18 U.S.C. § 3553 sentencing factors support release; (3) extraordinary and compelling reasons warrant release; and (4) the defendant is not a danger to the community. *See id.*; U.S. Sent'g Guidelines Manual ("U.S.S.G.") § 1B1.13 (U.S. Sent'g Comm'n, amended 2021). The defendant bears the burden of demonstrating release is warranted. *See United States v. Heromin*, No. 8:11-cr-550, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019); *cf. United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir.

---

[1] The Government does not contest that Defendant has exhausted her administrative remedies, so the Court does not address that issue. (Doc. 119, p. 5.)

2

2013).

The § 3553 factors include: (1) the nature of the offense and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; (3) the need to afford adequate deterrence; and (4) the need to protect the public. *See* 18 U.S.C. § 3553(a). Four circumstances qualify as "extraordinary and compelling reasons" warranting release: (1) a serious medical condition; (2) advanced age and deteriorating health in conjunction with length of time served; (3) family circumstances, such as the death of caregiver of the defendant's minor child; or (4) another extraordinary and compelling reason as determined by the BOP. *See* U.S.S.G. § 1B1.13, cmt. 1. *See generally United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021). A serious medical condition must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and [must be one] from which he . . . is not expected to recover." U.S.S.G. § 1B1.13, cmt. 1; *see also Bryant*, 996 F.3d at 1249–50.

To evaluate whether a defendant poses a danger justifying detention, a court should consider: (1) the nature and circumstances of the offense; (2) the weight of evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to the community. *See* 18 U.S.C. § 3142(g).

## ANALYSIS

Here, Defendant has failed to meet her burden of demonstrating that she is entitled to compassionate release. *See Heromin*, 2019 WL 2411311, at *2; *Hamilton*, 715 F.3d at 337.

### I.     Extraordinary & Compelling Reason

First, Defendant has not shown that she suffers from a serious medical condition that substantially diminishes her ability to care for herself in prison. *See* U.S.S.G. § 1B1.13 cmt. 1. Defendant asserts that she suffers from a series of serious medical conditions. (Doc. 117, Exs. 1–15, pp. 25–155.) But these ailments, without more, are not a serious medical condition warranting compassionate release.

Defendant does not allege or provide any evidence that any medical condition she is suffering from is a terminal condition. (*See generally* Docs. 117, 119.) Rather, the records establish that Defendant's medical conditions are not completely beyond her control such that she can never recover from them. (*See generally* Docs. 117, 119.) Medical records also establish that Defendant's conditions are being managed, monitored, and medicated while incarcerated. (*See generally* Doc. 119, Ex. E. pp. 28–238.) Medical records further establish that the BOP has a treatment plan for Defendant, Defendant is being seen by proper medical providers, and Defendant is receiving care for her medical conditions while incarcerated. (*Id.*)

Regarding Defendant's asserted seizures and traumatic brain injury, there is no evidence of a nerve neuropathy nor history of seizure disorders in her medical records. (*See* Doc. 117, p. 5.) Additionally, no medical staff have witnessed Defendant's seizures. (Doc. 119, Ex. E, p. 23.) Further, as her BOP medical records show, an MRI of her brain was normal. (*Id.*) Yet, even assuming she has a seizure disorder—which the Government calls into question (Doc. 119, p. 12)—that is not necessarily an extraordinary and compelling reason. *See United States v. Horner*, No. 3:17-cr-197, 2021 WL 137651, at *2 (M.D. Fla. Jan. 14, 2021). There is no evidence in the record that Defendant's treatment plan would be different if she were released from incarceration. (*See generally* Doc. 119, Ex. E, pp. 28–238.) Defendant has received numerous medications from the BOP. (*Id.* at 105–06.) And she is is monitored by nurses and doctors while she is housed at FMC Carswell. (*See generally id.* at 28–238.)

Further, medical records establish that BOP has taken steps to address any possible complications from Defendant's prior diagnosis of breast cancer. (*Id.* at 50–66.) BOP medical records also establish that the pathology was negative for malignancy and an MRI of her breast was normal. (*Id.* at 23.) No recurrence of the disease has surfaced since after her lumpectomy. (*Id.*) So there is no evidence of complications relating to breast cancer that have substantially diminished her ability to care for herself in prison. *See, e.g.*, *United States v. Bass*, No. 8:17-cr-623,

5

2021 WL 129943, at *3 (M.D. Fla. Jan. 14, 2021).

Lastly, medical records establish that Defendant has been evaluated by BOP medical staff and she does not need a wheelchair. (Doc. 119, Ex. E, pp. 20–21.) Nonetheless, records establish that BOP has made accommodations for Defendant, including issuing her a walker, compression leg, personal adaptive equipment, and a shower chair/bench. (*Id.* at 88.)

As such, Defendant has not shown any extraordinary and compelling circumstances warranting compassionate release.

## II. Section 3553 Factors

Nor do the § 3553(a) factors warrant release. Defendant committed twenty-two federal felonies, which caused over a million dollars in losses. (Docs. 1, 85.) As the Presentence Investigation Report lays out, Defendant's crimes were serious and included stealing hundreds of thousands of dollars from an employer, whom she continually lied to through various acts of deception. (Doc. 117, Ex. 16, pp. 34–41.) Defendant also has a prior criminal history of committing theft. (*Id.* at 44–46.) Additionally, Defendant was on felony probation when she committed part of the offenses for which she was convicted in this matter. (*Id.* at 46.) Given Defendant's prior criminal history and criminal conduct during felony probation, Defendant poses a high risk of recidivism, so releasing her now, with only about 5% of her sentence served (Doc. 119, Ex. A, pp. 18–21), would not be consistent with the

statutory purposes of sentencing given her serious crime. *See, e.g.*, *United States v. Arjona*, 852 F. App'x 506, 509 (11th Cir. 2021); *see also United States v. Doobay*, No. 3:16-cr-122, 2020 WL 5749921, at *2 (M.D. Fla. Sept. 25, 2020).

So Defendant is not entitled to compassionate release, and her Motion is due to be denied.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion (Doc. 117) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 27, 2022.

ROY B. DALTON JR.
United States District Judge

Copies:
*Pro se* Defendant Justina Maria Holland