UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    v.                                       CASE NO. 6:20-cr-86-RBD-NWH

JUSTINA MARIA HOLLAND

**UNITED STATES' UNOPPOSED MOTION TO CORRECT
AND SUPPLEMENT THE RECORD**

The United States respectfully files this unopposed motion to correct and supplement the record for the defendant's fifth motion for compassionate release, which is currently under advisement. As an initial matter, the United States understands that the defendant's motion will be granted if the Bureau of Prisons (BOP) does not provide the defendant with an appointment with a breast surgeon by Friday, March 27, 2026. Doc. 200. The Court's Order was promptly conveyed to BOP, and the undersigned has been in frequent communication with BOP about compliance. On March 23, an attorney with BOP informed the undersigned that the defendant has an appointment with a breast surgeon in Orlando on April 8, 2026. The United States acknowledges that the timing of the appointment does not comply with the Court's order, and it does not seek any change to the Court's directives. Tr. at 9; Doc. 200.

The United States moves to supplement and correct the record to provide additional medical records of the defendant's that the undersigned has recently learned were in the possession of a BOP contractor and thus in the possession of

1

BOP. The United States understands the Court's February 17 Order that the defendant's "entire medical file" be produced means everything in BOP's possession, custody, or control, regardless of how it is maintained; the undersigned was previously unaware, however, that the defendant's unique situation on home confinement meant that an additional source of records that BOP possessed, but not intentionally withheld, was available. The United States seeks herein to clarify the factual circumstances leading to this motion and to express regret that the government's prior submission did not provide the Court with the defendant's complete record.

At the February 26 hearing on the defendant's motion, and in the Court's subsequent written Order (Doc. 200), the Court expressed concern about the undersigned's[1] representations to the Court. The United States, including the undersigned, takes its responsibility of due diligence and candor to the Court seriously, and the undersigned respectfully submits that the representations previously made about the defendant's health, and the medical records in BOP's possession, were made in good faith.

The United States also seeks to clarify that it had not received the defendant's *pro se*, sealed supplement to her motion (Doc. 192) at the time of its written response or on the date of the hearing. The United States did not have a copy of the

---

[1] Because the undersigned had a previously set sentencing hearing in *United States v. Heidi Richards*, 8:24-cr-20-MSS-CPT, a case in which the defendant was being sentenced following trial in Tampa that day, another attorney for the government appeared for the compassionate release hearing.

defendant's *pro se*, sealed supplement to her motion until after the hearing on February 26, 2026. As explained below, the United States and BOP did not otherwise have in its possession the January 21, 2026 letter that designated the defendant's January 8, 2026 referral as urgent.

By moving for the instant relief, the United States respectfully seeks an opportunity to correct and supplement the record before the Court. In support of this motion, the United States states:

1.      In October 2021, the Court sentenced the defendant, Justina Maria Holland, to 96 months in prison. She served parts of her sentence at FCI Marianna until she was released on home confinement on October 7, 2025, to her home in Longwood, Florida. Her expected release date from home confinement is March 25, 2027. *See* https://www.bop.gov/inmateloc/.

2.      On January 15, 2026, the Court received the defendant's fifth motion for compassionate release, which she filed *pro se* and under seal. Doc. 186. The Court subsequently entered an Order directing the United States to respond by January 27, 2026. Doc. 187. The Court provided the United States with a copy of the defendant's sealed, *pro se* motion.

3.      The defendant's motion included several attachments relating to her medical treatment while on home confinement, including a January 8, 2026 referral (the "original referral") to see a breast surgeon, Doc. 186, Exhibit F, and an email on the same day by which the defendant conveyed this "urgent referral request" to

3

Dismas Charities, a BOP contractor that assists those on home confinement with obtaining medical care, *id.* at Exhibits G and H.

4.      With leave from the Court, on January 27, 2026, the United States filed its response, including a subset of medical records that the BOP had provided to the undersigned, under seal and mailed a copy to the defendant. Doc. 190. These records included a spreadsheet provided by BOP that showed that the defendant's "urgent referral for a breast surgeon" had been "APPROVED;" the entry was dated and modified on January 8, 2026, the same date as the referral. *Id.* at Exhibit B.

5.      On February 11, 2026, the defendant, still proceeding *pro se*, filed a 16-page "supplemental reply" to the government's response, which the Court docketed under seal. Doc. 192. The sealed reply included a letter signed by Dr. Amanda T. Rivera Miranda on January 21, 2026, with the subject "Urgent Insurance Authorization Request for Breast Surgeon Referral." Doc. 192 at 2-3. It appears that the defendant provided this letter, along with the original referral dated January 8, 2026, to Dismas Charities via email on February 9, 2026. Doc. 192 at 1.

6.      To the best of the undersigned's knowledge, the United States did not receive a copy of the defendant's February 11 *pro se*, sealed reply, either electronically or by mail, from the defendant or from the Clerk's Office. Thus, the undersigned was unaware of the filing, including the January 21, 2026 urgent referral, until it was provided after the February 26 hearing.

7.      On February 17, 2026, the Court entered an Order appointing the Office of the Federal Defender for the limited purpose of representing the defendant

in connection with her motion for compassionate release; setting a hearing on the motion for February 26; and directing the United States to inquire with BOP and to certify in writing that the Court has been provided with the defendant's entire medical file in advance of the hearing. Doc. 193. The Order additionally noted that "[o]f particular concern to the Court is Defendant's representation that her doctor has referred her for evaluation by a breast surgeon, which the Bureau of Prisons has refused to provide (Doc. 192)."

8.     The United States immediately conveyed the Court's Order to BOP. The same day, on February 17, an attorney with BOP reached out to FCI Marianna, where the defendant had been incarcerated, and requested the defendant's entire medical file. The defendant's electronic medical records maintained by FCI Marianna in the Bureau's Electronic Medical Record were transmitted the same day, and the undersigned filed them under seal, certifying that the records were "what was provided to the government by Bureau of Prisons on February 17, 2026, as the defendant's entire medical file." Doc. 198.

9.     The electronic medical records provided by BOP on February 17 did not include the January 21, 2026 urgent referral that the defendant had included with her reply (Doc. 192).[2]

---

[2] The records also did not include the referral dated January 8, 2026. Indeed, the records did not contain any encounters after August 27, 2025, which the undersigned attributed to the defendant's transfer to home confinement in October 2025. The undersigned was unaware that BOP's contractor had additional records as set forth below.

10. The undersigned has since inquired with the same attorney from BOP about the discrepancy in what BOP provided and what the defendant furnished to the Court with her reply. To be sure, BOP provided the defendant's entire medical file as it understood the Court's order, that is, records contained in the Bureau's Electronic Medical Records.

11. The BOP attorney advised that BOP does not directly provide care for inmates on home confinement. Instead, BOP manages care by approving and scheduling treatment through Naphcare, BOP's comprehensive medical contractor, with the assistance of Dismas Charities.

12. The BOP attorney further advised that because the defendant is on home confinement, she can seek and receive medical testing and treatment of her own accord, which she has done. When such care is obtained, whether or not those community records are retained in Naphcare's portal depends on the community provider or the defendant transmitting those records to Naphcare. Those records are then retained in Naphcare's portal, to which BOP has read-only access. The United States acknowledges, though, that BOP possesses the records of Naphcare in its role as a contractor for BOP.

13. Based on the Court's concern, the United States contacted BOP, learned of this additional source of records, and renewed its request for the defendant's entire medical file, specifically asking for all records maintained by Naphcare in the portal. The BOP promptly provided those documents to the undersigned. The United States

will file those records under seal if the relief requested herein is granted. These records contain the following documents:

    a.  November 19, 2025 office note from primary care provider;

    b.  November 19, 2025 medical referral form for mammogram;

    c.  December 15, 2025 diagnostic imaging report for mammogram;

    d.  December 23, 2025 office note from internal medicine provider;

    e.  January 2, 2026 diagnostic imaging report for breast diagnostic MRI;

    f.  January 4, 2026 after visit summary from AdventHealth ER;

    g.  January 6, 2026 imaging report of ultrasound;

    h.  January 8, 2026 office note from internal medicine provider;

    i.  February 4, 2026 note from cardiology consult;

    j.  February 12, 2016 medical referral form for surgery consult;

    k.  March 19, 2026 medical referral form for surgery consult;[3]

    l.  April 8, 2026 medical referral form for breast surgery consult.

14.    The January 21, 2026 urgent referral is not in the defendant's Naphcare-maintained records, either. According to the BOP attorney—who confirmed with other BOP officials with access to the defendant's records, including those

---

[3] This referral was not sufficient to meet the Court's order. The defendant did not attend the appointment on March 19. The undersigned requested BOP to obtain an appointment with a breast surgeon.

maintained by Naphcare—BOP officials had not seen the January 21, 2026 urgent referral until it was shared by the undersigned in response to the Court's concerns.

15. The BOP attorney further advised that based on the defendant's original referral dated January 8, 2026, the BOP scheduled the defendant for an appointment with Dr. Antonio Ramirez on February 12, 2026. Dr. Ramirez is a general surgeon, who, according to his physician information maintained by HCA, "provides a wide range of surgical procedures, including: Abdominal Surgery, Breast Cancer Surgery, Steroeotactic Breast Biopsy," among other procedures. *See* https://www.hcafloridaphysicians.com/physicians/profile/dr-antonio-j-ramirez-do, last visited March 9, 2026. The February 12 appointment with Dr. Ramirez is reflected on a screenshot of the Naphcare portal, as well on a medical referral form, which the United States will file under seal with the Court's leave.

16. According to the defendant's supplemental reply, on February 10, 2026, the defendant spoke with a nurse at the office of Dr. Fuad Shahin, "the general surgeon scheduled by BOP," and the nurse informed the defendant that Dr. Shahin "is not best suited to provide diagnostic evaluation or treatment planning for breast-related conditions." Doc. 192 at 3. Based on the screenshot of the Naphcare portal, however, Dr. Shahin is not listed as a provider that was scheduled by BOP, nor is he listed on the February 12 medical referral form. Based on Internet research, Dr. Shahin appears to be part of the same practice as Dr. Ramirez.

17. The United States also inquired whether BOP has access to inmate medical records in the possession of Dismas Charities, the contractor that staffs the

Orlando residential reentry center administering the defendant's term of home confinement. A BOP health systems specialist advised that BOP only has access to records that Dismas Charities provides to BOP through an electronic system to which BOP has access. In other words, if an inmate provides a medical record to Dismas Charities, unless it is affirmatively routed to BOP in connection with care approval, BOP does not automatically receive it. The United States acknowledges, though, that BOP possesses the records of Dismas Charities in its role as a contractor for BOP.

18.    In response to the United States' request for Dismas Charities records that are accessible to BOP, an attorney with BOP provided sixteen "precertification" forms, which the United States will file with the Court's permission. According to an attorney with BOP, the sixteen precertification forms are the only Dismas Charities records for the defendant in the electronic system.

19.    These forms are prepared by Dismas Charities on behalf of the defendant when medical treatment is being sought and are submitted to BOP for authorization in connection with requested care. Among the forms provided was one dated January 8, 2026, which describes the reason for treatment as "Ms. Holland has an urgent referral for a breast surgeon." The approval and signature of health systems specialist with BOP is reflected at the bottom of the form, with a date of January 8, 2026.

20.    In sum, the defendant's status as an inmate on home confinement whose medical records are not uniformly maintained in one repository, as well as her

previous status as a *pro se* litigant, highlights an inadvertent gap in the receipt and production of records.

21.    Accordingly, for the foregoing reasons, the undersigned respectfully requests that the Court grant the instant motion and permit the United States to supplement the record with the defendant's medical records maintained by Naphcare and Dismas Charities.

22.    AFD Matthew Cavender, who was appointed to represent the defendant for purposes of these proceedings, does not oppose the relief sought herein.

<div style="margin-left:40%">

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:    /s/ *Risha Asokan*_____
RISHA ASOKAN
Assistant United States Attorney
Florida Bar No. 1003398
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 647-7643
Email: risha.asokan2@usdoj.gov

</div>

10