UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

United States of America

v.

Justina Maria Holland

Case No. 6:20-cr-00086-RBD-NWH

## STATUS UPDATE

At the February 26, 2026 hearing on Ms. Holland's compassionate release motion, Doc. 186, the Court "[gave] the Bureau of Prisons 30 days to get her seen by a breast specialist so that she can have an evaluation." Doc. 204 at 9:22–24. Lest there be any uncertainty, the Court followed up with a written order in which it said that "if the Bureau of Prisons does not provide [her] with an appointment *with a breast surgeon*—as specified in the urgent referral from Dr. Rivera Miranda dated January 21, 2026 (Doc. 192, pp. 14–15)—by **Friday, March 27, 2026**, then the Court *will grant* [her] motion for compassionate release. Doc. 200 at 1 (italicization added, bolding in original).

The BOP failed to comply with the Court's order, so the Court should grant Ms. Holland's motion.

1

As confirmed by Ms. Holland's declaration,[1] which is being filed contemporaneously with this status update, the BOP did not take any substantive action on the Court's order until, on Friday, March 20, 2026, it scheduled an appointment with Dr. Lisa Brubaker—a general surgeon—for the following Monday, March 23, 2026. That is, the BOP waited more than three weeks after the February 26, 2026 hearing to schedule any appointment at all. And then when it finally got around to scheduling something, it scheduled an appointment with a general surgeon, not a breast surgeon.[2] And for some reason, it scheduled the appointment with a surgeon three hours away in Gainesville, rather than with a local Orlando surgeon. As noted in Ms. Holland's declaration, the BOP cancelled the appointment with the general surgeon when Ms. Holland promptly informed Dismas of these problems.

The BOP then finally snapped to attention. On March 25, 2026 (two

---

[1] An unsworn declaration signed under penalty of perjury is the equivalent of a sworn affidavit. *See* 28 U.S.C. § 1746(2).

[2] This was essentially a repeat of what it did last month when it scheduled an appointment on February 12, 2026 with a different general surgeon instead of a breast surgeon as had been ordered by her primary doctor. *See* Doc. 192 at 2–4.

days before the deadline), the government's counsel informed the undersigned that the BOP scheduled an appointment for Ms. Holland with an Orlando breast surgeon, Dr. Frances Phang. But that appointment is not until April 8, 2026—nearly two weeks after the Court's March 27, 2026 deadline.

The government, no doubt, will argue that April 8 is close enough for government work. But that is not what the Court ordered. Had the BOP jumped on it right after the February 26 hearing (to say nothing of the original January 8 referral) instead of waiting until a week before the deadline to schedule anything, it would not be in this situation. But due to its dilatory behavior, here we are again, and Ms. Holland's urgent medical needs are still not being met.

To reiterate Ms. Holland's initial request, she is not asking for a gift. She is scheduled to complete her sentence on March 25, 2027—just under one year from the date of this filing. Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (Reg. No. 73612-018) (last accessed Mar. 27, 2026). She is due to serve the remainder of her sentence on BOP-administered home confinement, which still leaves her ongoing medical care in the hands of the BOP for the next year. Instead

of the Court having to keep policing the BOP's noncompliance with the Court's orders, she respectfully requests that the Court grant her compassionate release motion and reduce her sentence to time served.[3] This will allow her to take her medical care into her own hands without the BOP having to act as intermediary and without the taxpayers having to continue paying for it.

Respectfully submitted,

CHARLES L. PRITCHARD JR.
Federal Public Defender

*s/ Matthew D. Cavender*
MATTHEW D. CAVENDER
Research and Writing Attorney
201 South Orange Ave., Suite 300
Orlando, FL 32801
407-648-6338
Matthew_Cavender@fd.org

*Counsel for Defendant*

---

[3] The Court could also extend Ms. Holland's term of supervised release by an additional year to account for the sentence reduction. Even though she was already sentenced to the statutory maximum supervised release term, the compassionate release statute provides independent authority to lengthen a supervised release term when granting a compassionate release motion. *See* 18 U.S.C. § 3582(c)(1)(A) ("[T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) . . . .").